UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GERMAINE R. RUDDICK,

    Plaintiff,

v.                                      Case No. 4:24-cv-262-AW/MJF

FLORIDA DEPARTMENT OF
CORRECTIONS and LEON
COUNTY BOARD OF COUNTY
COMMISSIONS,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Germaine R. Ruddick, FDC# B-281646, has filed a verified complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Doc. 2. Upon review of Ruddick's complaint, the District Court should deny the motion to proceed *in forma pauperis* and dismiss this action pursuant to 28 U.S.C. § 1915(g) because Ruddick has incurred at least three "strikes" and failed to show that he is under imminent danger of serious physical injury.

## I. Background

On June 19, 2024, Ruddick, an inmate of the Florida Department of Corrections ("FDC"), commenced this civil action against two

Defendants: (1) the FDC Executive Administrative Office, and (2) the Leon County Board of County Commissioners. Doc. 1 at 1–3, 13. Ruddick asserts that his inmate trust account is encumbered by liens and that the Leon County Circuit Court has prohibited him from proceeding *pro se* before that court. *Id.* at 4–6. Ruddick requests an injunction and damages. *Id.* at 7

## II. DISCUSSION

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, failure to state a claim, or because the plaintiff sought damages from a defendant entitled to immunity. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. ___, 140 S. Ct. 1721, 1723 (2020). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (noting that a "prisoner must pay the full filing fee at the time he initiates suit") (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). There is a narrow exception to the three-strikes rule: a prisoner who is otherwise barred from proceeding *in*

*forma pauperis* may do so if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Although the complaint form directed Ruddick to disclose his litigation history, Ruddick stated—under the penalty of perjury—that he had **never** filed any federal lawsuit or appeal and had **never** incurred a strike under 28 U.S.C. § 1915(g). *Id.* 8–12. These statements are false. Ruddick is a frequent filer in federal court. He has filed more than 20 cases in Florida federal courts alone. Furthermore, Ruddick has incurred *at least* three strikes under section 1915(g):

- *Ruddick v. Mangonia Park Police*, No. 9:00-cv-9144 (S.D. Fla. Apr. 23, 2001) (dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1));

- *Ruddick v. Neumann*, No. 9:01-cv-8247 (S.D. Fla Aug. 28, 2001) (dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii)) and 1915(A)(b)(1)); and

- *Ruddick v. State of Florida*, No. 1:00-cv-3724 (S.D. Fla. May 10, 2001) (dismissed for failure to state a claim and for seeking damages from a defendant immune from such relief under 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2)).

These cases are attributable to Ruddick insofar as they bear his inmate identification number "B-281646."

Because he has incurred *at least* three strikes, Ruddick may not litigate this case *in forma pauperis* unless he shows that he is "under

imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Ruddick's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke section 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Ruddick ford not plausibly allege that he faces an imminent risk of *serious physical injury*. Because Ruddick is subject to section 1915(g) and has failed to show that he is under imminent danger of serious physical injury, he is not eligible to proceed *in forma pauperis* and his motion to so proceed must be denied. *See Vanderberg*, 259 F.3d at 1324 ("After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit."). Furthermore, since Ruddick did not pay the filing fee at the time he commenced this civil rights action, the District Court must dismiss this civil action. *Dupree*, 284 F.3d at 1236 ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY** Ruddick's motion to proceed *in forma pauperis*, Doc. 2.

2. **DISMISS** this action without prejudice to Ruddick initiating a new case accompanied by payment of the $405.00 fee in its entirety.

3. **DIRECT** the clerk of the court to close this case file.

At Pensacola, Florida, this 5th day of August, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are**

**advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**